IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RICHARD GERALD, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> CHARLESTON COUNTY ) <br> SHERIFF'S OFFICE, ) <br> CHARLESTON COUNTY, and ) <br> DEPUTY AUSTIN T. RISSANEN ) <br> ) <br> ) <br> DEFENDANTS. ) <br> _____  ) | CA: 2:22-cv-01517-BHH-MHC <br><br> **COMPLAINT** <br><br> (JURY TRIAL REQUESTED) |

The Plaintiff, complaining of the above-named Defendants alleges and would respectfully show unto this Honorable Court:

1. The Plaintiff, Richard Gerald, is a citizen and resident of Charleston County, South Carolina.

2. The Defendant, Charleston County Sheriff's Office is a governmental agency and/or political subdivision of the State of South Carolina as defined by S.C. Code §15-78-10 and has facilities located in Charleston County, South Carolina. At all times mentioned in this lawsuit the Defendant Charleston County Sheriff's Office acted and carried on its business by and through its agents, servants, and/or employees. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties at all times hereinafter mentioned.

3. The Defendant Charleston County is a political subdivision of the State of South Carolina as defined in S.C. Code 15-78-10 and has facilities located in Charleston County, South

1

Carolina. At all times in this lawsuit the Defendant Charleston County acted and carried on its business by and through its agents, servants, and/or employees.

4. The Defendant Deputy Austin T. Rissanen upon information and belief is a resident of Charleston County, was at all times relevant acting under color of law and in the course and scope of his duty as employee, agent, officer of the Defendant Charleston County Sheriff's Office and/or Defendant Charleston County.

5. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties during all times hereinafter mentioned.

6. All Defendants were acting within the course and scope of their official duties as employees of the Charleston County Sherriff's Office and Charleston County in relation to this claim.

7. Plaintiff is informed and does believe that Defendants Charleston County Sherriff's Office and Charleston County had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

8. The incident took place in Charleston County, South Carolina.

**JURISDICTION AND VENUE**

9. Plaintiff and Defendant Rissanen are citizens of South Carolina. Defendants Charleston County Sheriff's Office and Charleston County are South Carolina corporations with

their principal place of business in South Carolina. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and jurisdiction over the parties.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

11. That on or about early morning of June 1, 2020, Plaintiff Richard Gerald was leaving Circle-K gas station located at 2171 North U.S. Highway 17 in Mt. Pleasant after working the night shift at Harris Teeter, when Defendant Deputy Austin Rissanen of the Charleston County Sheriff's Office initiated an encounter with the Plaintiff and followed Plaintiff to his vehicle.

12. That Deputy Rissanen had no reasonable suspicion or probable cause to approach the vehicle or to initiate an encounter with the Plaintiff.

13. That Plaintiff entered his vehicle and left the gas station, eventually noticing an SUV with sirens on behind him, and subsequently pulled into the parking lot of his employer, Harris Teeter, where Plaintiff had just completed working the night shift.

14. That Plaintiff proceeded to park his car and place his hands outside of the window to show he was unarmed. Plaintiff asked why he had been pulled over but was not given a reason and Defendant Rissanen told Plaintiff to get out of his vehicle.

15. That Plaintiff did not want to exit his vehicle and noticed every exit was blocked by officers. Defendant Rissanen attempted to remove Plaintiff from the vehicle with force.

16. That Plaintiff reluctantly exited the vehicle and feared for his life and that Plaintiff was threatened with being tased.

17. That Defendant Rissanen placed Plaintiff Gerald in shackles tightly which caused injury to Plaintiff.

18. That Plaintiff was wrongfully arrested and falsely imprisoned. Plaintiff was charged with failure to stop for blue light, resisting arrest, and reckless driving.

19. That plaintiff was released from jail the next day and all charges were dropped by the Defendant Charleston County Sheriff's Office.

20. The elected Sherriff at the time was Al Canon.

21. That, because of this unlawful arrest and imprisonment, Sherriff Al Canon met with Plaintiff and his family to apologize.

22. That Sheriff Al Canon told Plaintiff and his family that "this situation should have never occurred."

23. That Sheriff Al Canon told Plaintiff and his family that Defendant Rissanen had been disciplined and suspended, and that Defendant Rissanen had been placed on probation for a year.

24. That Sheriff Al Canon told Plaintiff and his family, "what we have done to rectify this situation is to the extent that we can to sort of put you back in the situation you were in before this happened," and then advised Plaintiff and his family of Plaintiff's ability to go to a lawyer with respect to this incident.

25. That Defendant Deputy Austin Rissanen was disciplined and Sheriff Canon said that Defendant Rissanen was, "on notice that his job [was] in jeopardy because of the decision making he exhibited here."

26. That an Internal Affairs Report was issued after an investigation by the Charleston County Sheriff's Office concerning Deputy Rissanen's conduct regarding the unlawful arrest and imprisonment of Plaintiff on June 1, 2020.

27. That Defendant Rissanen did not have probable cause or reasonable suspicion to detain or pursue Plaintiff.

28. That, as documented in the Internal Affairs Report, Defendant Rissanen was found to have disobeyed instruction "not to become involved in any unnecessary calls" outside of his given assignment, and that Defendant Rissanen was not authorized to leave his assigned post (Boone Hall Plantation).

29. That Defendant Rissanen disobeyed his sergeant and left his assigned post and was involved with unnecessary affairs against his explicit instructions not to do so.

30. That, "unless otherwise directed," Defendant Rissanen was to wear the Class B uniform, and that he was not wearing the assigned uniform.

31. That Defendant Rissanen admitted he didn't fully hear what Plaintiff said and, despite not fully hearing, fabricated in part on the incident report what Plaintiff said.

32. That Defendant Rissanen admitted that part of his incident report was not in the sequential order of events.

33. That, in a statement made by Defendant Rissanen on the incident report, he wrote that Plaintiff "approached me in an aggressive manner," and Defendant Rissanen explained that, by writing "aggressively approached me," it was intended to be interpreted as "verbally engaged" and not "physically approached."

34. That the body-worn camera footage shows Plaintiff first standing stationary, then walking away from Defendant Rissanen.

35. That on June 3, 2020, the Office of Professional Standards concluded an administrative investigation of Defendant Rissanen's improper and unsatisfactory performance involving his actions during the mandatory emergency shift beginning on May 31, 2020.

36. That when Defendant Rissanen left his assigned duty post at Boone Hall Plantation, he was found in violation of the Charleston County Sheriff's Office Policy and procedure 1-09, Agency Rules and Regulations, Section III, Subsection A 8, Leaving Duty Post.

37. That when Defendant Rissanen arrived at his assigned post wearing an unauthorized uniform, he was found to be in violation of the Charleston County Sherriff's Office Policy and Procedure 1-02 Agency Dress Code, Section III Subsection I, Class B Uniform.

38. That when Sergeant Diane Turner explicitly instructed Deputy Rissanen not to get involved in any unnecessary calls, he left his assigned post at Boone Hall Plantation

without a supervisor's authorization and thus, violating the Charleston County Sherriff's Office Policy and Procedure 1-09, Agency Rules and Regulations, Section III, Subsection 16, Insubordination.

39. That the Office of Professional Standards found Defendant Rissanen's pursuit of Plaintiff was a violation of the Charleston County Sherriff's Office Policy and Procedure 1-09, Agency Rules and Regulations, Section III, Subsection 10, Unsatisfactory Performance.

40. That due to Defendant Rissanen's decision making and judgement or lack thereof, Defendant Rissanen was found in violation of Charleston County Sherriff's Office Policy and Procedure 1-09, Agency Rules and Regulations Section III, Subsection 2, Unbecoming Conduct.

41. That, after a careful review of the facts and circumstances surrounding the internal investigation, the Office of Professional Standards concluded the allegations against Defendant Rissanen were sustained, and after reviewing the investigation, Assistant Sheriff M. Lucas concurred with the findings.

42. That Charleston County Sheriff's Office, by and through its employees, were negligent and their negligence caused Plaintiff to suffer injuries and damages.

43. That Plaintiff has incurred damages, injuries and losses, including but not limited to pain and suffering, psychological trauma, fear, nightmares, and post traumatic symptoms, as well as future pain and suffering, future psychological trauma, future fear, future nightmares, and future post traumatic symptoms, as a result of all Defendants' acts and/or omissions, cited above.

## FOR A FIRST CAUSE OF ACTION
### (FALSE IMPRISONMENT)

44. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

45. Defendants intentionally and unlawfully imprisoned Plaintiff and deprived him of liberty without justification for a crime they knew, or should have known, the Plaintiff did not commit.

46. As a direct and proximate result of Defendants' actions in falsely imprisoning the Plaintiff and continuing to deprive him of his liberty when the Defendants knew, or should have known, of the Plaintiff's actual innocence, the Plaintiff has suffered actual and permanent damages for which the Defendants are liable, as well as for punitive damages.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 IMPROPER SEARCH & SEIZURE, EXCESSIVE FORCE & DUE PROCESS VIOLATIONS)

47. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

48. By the acts and omissions described above, Defendants names in this cause of action violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force in the course of search or seizures as secured by the Fourth and Fourteenth Amendments;

    c.    The right to be free from the use of unlawful force as secured by the Fourth and Fourteenth Amendments;

    d.    The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly and/or excessive force as secured by the Fourteenth Amendment;

    e.    The right to be free from deprivation of liberty and injury without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

    f.    And in such other particulars as may be learned through discovery.

49.    As a direct and proximate result of the Defendants' acts and/or omission as set forth above, Plaintiff sustained injuries and damages.

50.    The conduct of the above named Defendant Rissanen in his individual capacity entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and the South Carolina Code.

51.    Plaintiff is entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable South Carolina Codes and laws.

### FOR A THIRD CAUSE OF ACTION
### (MALICIOUS PROSECUTION AS TO ALL DEFENDANTS)

52.    Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

53. Based upon the allegations herein, upon information and belief, the Defendants, by and through their agents and employees, instituted and continued original judicial proceedings against the Plaintiff, such proceedings being those criminal charges for which the Plaintiff was arrested, charged, and incarcerated.

54. That these charges were brought by Defendants City of Charleston and Charleston County Sheriff's Office at the insistence of Defendant Deputy Rissanen.

55. That the criminal charges failure to stop for a blue light, resisting arrest, and reckless driving instituted by the Defendants were dismissed completely and terminated in favor of the Plaintiff.

56. That the institution of these proceedings against the Plaintiff was the result of the malice, recklessness, gross negligence, willfulness, and/or negligence of all Defendants.

57. That probable cause existed neither for the institution of these proceedings nor for incarceration of the Plaintiff.

58. That as a direct and proximate result of acts and omissions of the Defendants as described herein, the Plaintiff has suffered actual injuries and damages and further seeks punitive damages

**FOR A FOURTH CAUSE OF ACTION**
**(NEGLIGENCE AND GROSS NEGLIGENCE AS TO ALL DEFENDANTS)**

59. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

60. Defendants departed from the duties of care required by law enforcement officers and the agencies that hire, train and employ these officers and were thereby negligent, careless, grossly negligent, willful, wanton, reckless, and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts of omission or commission, any or all of which were departures from the prevailing duties of care:

   a. In failing to ensure the well-being of Plaintiff;

   b. In failing to appreciate the conditions that existed at the time in question when the subject search and seizure occurred without just cause;

   c. In failing to adhere to proper law enforcement polices, procedures, standards, customs, and protocols;

   d. In failing to use discretion before, during, and after the subject incident and consider other accepted appliable methods;

   e. In failing to have in place proper and adequate policies, procedures, standards, and protocols for law enforcement officers regarding search and seizures of persons and if such policies, procedures, standards, and protocols were in place, in failing to enforce them;

   f. In failing to properly hire, train, monitor, supervise, and/or retain their employees;

   g. In failing to have in place proper and adequate policies, procedures, standards, and protocols for the hiring, training, monitoring, supervising, and retaining of employees;

   h. In implementing and executing policies, procedures, standards, protocols, regulations, and customs that ignored and jeopardized the right of citizens such that there was a deliberate indifference towards the rights of Plaintiff;

   i. In failing to properly monitor, dispatch, report, and respond to the subject incident and surrounding events;

   j. In acting with deliberate indifference;

   k. In assaulting Plaintiff by placing Plaintiff in reasonable fear of bodily harm;

   l. In subjecting Plaintiff to battery by inflicting forcible contact upon Plaintiff;

  m. In such other particulars as may be learned during discovery in the action or at trial.

61. As a direct and proximate result of the negligence, carelessness, gross negligence, willfulness, wantonness, recklessness, and departure from the duties of car owed by Defendants, Plaintiff sustained injuries and damages.

### FIFTH CAUSE OF ACTION AS TO ALL DEFENDANTS
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

62. Plaintiff re-alleges and reiterates that preceding paragraphs, as fully as if repeated here verbatim.

63. Defendants, through their actions, caused Plaintiff to be incarcerated for a crime both he and Defendants knew he did not commit.

64. Plaintiff's incarceration resulted in severe emotional distress, mental anguish, humiliation, outrage, and depression.

65. Defendants' conduct was extreme and outrageous, to the point that it exceeded all reasonable bounds of decency.

66. The distress Plaintiff suffered is of a kind no reasonable person could be expected to endure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

1. That this Honorable Court grants all of Plaintiff's Causes of Action;
2. Deny Defendants' Answer and Counterclaims
3. Compensation for Actual, Incidental and Consequential damages , and Punitive damages;
4. Attorney's fees and costs of filing this action;
5. Punitive damages; and
6. Any other relief that this Honorable Court deems fair and just.

SANYAL LAW FIRM, LLC

Respectfully submitted,

S/ *Ravi Sanyal*
Ravi Sanyal, Esquire
778 St. Andrews Blvd
Charleston, SC  29407
Attorney ID # 7586

Charleston, South Carolina
This 12th day of May, 2022

13